# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 30, 2001 Session

## GWEN AGEE LAY v. MARK LINDSAY LAY, et al.

**Appeal from the General Sessions Court for Campbell County**
**No. 5580      John McAfee, Judge**

**<u>FILED JANUARY 16, 2002</u>**

**No. E2000-02914-COA-R3-CV**

---

In this case the second wife of Mark Lindsay Lay seeks an increase in child support for their child. Because an attack was made on the constitutionality of the Tennessee Child Support Guidelines, the Attorney General of the State was permitted to intervene. Although neither the former wife nor Mr. Lay appeals, the Attorney General does appeal. We vacate the judgment insofar as it addresses the constitutional issue before the Trial Court, and remand.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the General Sessions Court Insofar As It Addresses the Constitutional Issue Raised Vacated; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. Michael Swiney, JJ., joined.

Paul G. Summers, Attorney General and Reporter, and Kim Beals, Assistant Attorney General, Nashville, Tennessee, for the Intervening Appellant, State of Tennessee

Timothy P. Webb, Jacksboro, Tennessee, for the Appellee, Catherine Ann Adkins Homley Lay

Joseph G. Coker, Jacksboro, Tennessee, for the Appellee, Mark Lindsay Lay

## OPINION

The case presently before us on appeal is a post-divorce petition by Catherine Ann Adkins Homley Lay against her former husband, Mark Lindsay Lay, seeking an increase in child support for the one child born to their marriage. Ancillary to the case presently on appeal, Gwen Agee Lay, Mr. Lay's first wife, filed a petition for a modification of the child support award for another child fathered by Mr. Lay because of the significant variance between the mandates of the child support guidelines and the amount Mr. Lay was ordered to pay.

Although both cases were argued by counsel before the Trial Court and an order apparently inadvertently entered consolidating the cases, the Trial Court, during argument below, orally

withdrew the order of consolidation. As already noted, the only case before us is that involving the second wife of Mr. Lay.

The Court, after hearing argument of counsel and apparently relying on testimony earlier introduced, increased the child support award from $220.00 to $335.25 per month and required Mr. Lay to pay an additional $60 per month to be applied to the child support arrearage.

In the course of his determination the Trial Court held that certain of the guidelines promulgated by the Department of Children's Services pursuant to T.C.A. 36-5-101 were unconstitutional prompting the Attorney General, who had intervened in the case, to file an appeal contesting this determination.

It does not appear that either Mr. Lay or the second Mrs. Lay questioned the final determination of the Trial Court relative to the appropriate amount of child support by perfecting an appeal and, consequently, the Trial Court's determination as to the constitutionality of the guidelines is of no consequence insofar as the original parties in interest are concerned.

In light of the foregoing, we deem it appropriate to vacate the judgment of the Trial Court holding the guidelines unconstitutional.

In conclusion, we point out that a determination by a circuit judge does not become the general law of this State, nor is it a binding precedent State wide.

For the foregoing reasons we vacate the judgment insofar as it addresses the constitutional issue before the Trial Court and remand the case for such further proceedings, if any, as may be necessary and collection of costs below. Exercising our discretion we adjudge costs of appeal to the State of Tennessee.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE